IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Roger Dale McCoy, | Case No. 8:19-cv-01421-TLW |
| PLAINTIFF, | |
| v. | **Order** |
| Timothy Budz, Jared Anderson, | |
| DEFENDANTS. | |

Plaintiff Roger McCoy, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. The Plaintiff is involuntarily committed to the Sexually Violent Predator Treatment Program at the Correct Care facility in Columbia, South Carolina. In his Complaint, the Plaintiff alleges that his 14th Amendment constitutional rights were violated. *See* ECF No. 1. The Plaintiff brings two allegations. First, Plaintiff alleges that the lights in the facility were too bright causing him sleeping and vision problems. *Id.* Second, Plaintiff alleges that he has not been issued enough toilet paper. He states that although he is generally provided with two rolls each week, he has had to purchase more, and alleges that the paper should be provided at no cost. *Id.* The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 13.

In the Report, the magistrate judge recommends that this case be dismissed, she has outlined the issues raised in detail. The magistrate judge provides two grounds for dismissal in her Report. First, the magistrate found that the action should be dismissed for failure to prosecute. The magistrate judge previously directed the Plaintiff to file an Amended

1

Complaint in order to correct deficits with the current Complaint. The record does not show any Amended Complaint was filed. Second, the magistrate judge found that the action should be dismissed for failure to state a claim. In order to state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). As to the allegation regarding the lights, the magistrate judge found that the Complaint fails to state a claim because "[c]ourts have consistently held that, while certain prison conditions, such as leaving the lights on for 24 hours a day, may be uncomfortable, they do not violate contemporary standards of decency." ECF No. 13 at 9. Further, the Plaintiff has not alleged that the medical staff failed to provide him with adequate treatment and therefore, Plaintiff has failed to allege facts to support a claim. As to the allegation regarding toilet paper, the magistrate judge found that Plaintiff has failed to state a claim for relief. After the magistrate judge filed the Report, Plaintiff filed objections stating that he did amend his complaint and mail it to the court's office. ECF No. 15. As the magistrate judge notes, no amended complaint is in the record. In the objections, the Plaintiff does not make any factual assertions or address the detailed Report filed by the magistrate judge. In light of the detailed Report, there is no basis to conclude an amended complaint would result in relief had it been filed. This matter is now ripe for decision.

> In reviewing the Report, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not

> required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 13, is **ACCEPTED**. Plaintiff's objections, ECF No. 15, are **OVERRULED**. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

May 18, 2020
Columbia, South Carolina